OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion for summary judgment. The Board of Education of the City of Lockport School District seeks a declaratory judgment that Niagara County is obligated to provide the services of its Civil Service Commission in the event that the district does not receive those services from another source. Heretofore, the district (which includes both the City of Lockport and a sizeable area outside the city) has utilized the services of the City of Lockport Civil Service Commission.
The real issue here is whether the school district’s relationship with the City Civil Service Commission is one which is mandated by State law or one of voluntary choice by the school board. If the district’s utilization of the City Civil Service System is voluntary rather than mandatory, the court would be required to determine the obligation of the county in a situation where a district has “opted out” from its relationship with a city. This court has found no *962 case in our State which has resolved this issue and therefore this would appear to be a case of the first impression.
In granting powers to local units of government, our State Constitution has been careful to specifically circumscribe and limit those grants of powers so as not to impair the power and authority of the State Legislature in providing for operations of public school systems. Article IX of the New York State Constitution deals with the operation and powers of local governments. Section 3 (subd [a], par [1]) of this article states in part that:
“nothing in this article shall restrict or impair any power of the legislature in relation to:
“(1) [t]he maintenance, support or administration of the public school system”.
In essence then, the import of this section of the State Constitution is that school districts are “autonomous” or “independent” only in those matters upon which the Legislature has not specifically acted. (See Matter of Board of Educ. v City of New York, 41 NY2d 535; Wambat Realty Corp. v State of New York, 41 NY2d 490; Robertson v Zimmermann, 268 NY 52.) In any judicial joust therefore between the assertion of school district autonomy and a State mandated administrative scheme, the champion of independence and automony will have an uphill battle at best.
We must next ask ourself, of course, if the various applicable statutes present a State “mandated” scheme for local school civil service administration or if these statutes allow districts such as the plaintiff herein, the option of choosing between alternatives.
Section 2 of the Education Law defines the term “city school district” and specifically includes within that term, districts which are both coextensive with city boundaries (coterminous) and those which include city and noncity areas (noncoterminous).
Section 17 of the Civil Service Law establishes a legislative scheme for the decentralization of local civil service administration including the servicing of school districts. The statute states in its most relevant part: “the civil service commission or personnel officer of a city *** shall *963 administer the provisions of this chapter with respect to the offices and employments in the classified service of such suburban town or city, including the city school districts of such city.” (Civil Service Law, §17, subd 2; emphasis mine.)
Plaintiff has sought to establish, however, that a distinction must be drawn between city school districts which are directly tied to a city government (i.e., the Buffalo school system) and received their funding from that municipality, and those which are fiscally independent. However, we fail to find, in the applicable statutes, a separate definition and separate treatment for the civil service administration of “independent” and “dependent” city school boards. Perhaps this would be a wise distinction for the Legislature to make, but it is not the function of the courts to write or read this into the law.
Plaintiff had additionally noted subdivision 16 of section 2503 of the Education Law. This part of the Education Law deals with city school districts with populations less than 125,000 inhabitants. These sections would therefore apply to the case at hand. Subdivision 16 of section 2503 includes two paragraphs. The first paragraph establishes a general power for these types of school boards (“small” city districts) to contract with the city for the use of their facilities, agencies and/or employees. One could reasonably imply from a “power to contract” that this section deals primarily with districts which have some degree of fiscal independence.
The second paragraph of. this subdivision, however, reads as follows: “Notwithstanding the foregoing provisions, a city school district which employs the facilities and services of the civil service commission of the city in which it is located in whole or in part shall pay a fractional part of the actual annual expenditures for such civil service commission on or before the first day of November in each year.” (Education Law, § 2503, subd 16; emphasis mine.)
This paragraph implicitly recognizes a distinctly different situation when dealing with city civil service commissions. Instead of the language “Shall have the power to contract” is substituted a mandated formula for payment *964 and once again the use of the word “shall” as was the case in section 17 of the Civil Service Law. This distinction clearly recognizes the fact that the Legislature has mandated a specific scheme for civil service administration and that the Education Law is endeavoring to mesh with that scheme and its mandates.
The conclusion which is impelled by an examination of these statutes as well as the Constitution of our State is that the State Legislature has established and mandated a scheme for the local administration of civil service which places this “city school district” under the jurisdiction of the Civil Service Commission of the City of Lockport. This scheme may be imperfect and perhaps should be modified but those changes will have to be made by the Legislature and not by this court.
We conclude, therefore, that the City of Lockport School District is under the civil service jurisdiction of the City of Lockport Civil Service Commission. It is not necessary to reach the question of the county’s obligation to provide these services.
Accordingly, this motion for summary judgment is denied and the complaint dismissed.